IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Otis Donald Witherspoon,               )
    Plaintiff,                          )
                            )
v.                                      )     1:11cv963 (TSE/TCB)
                            )
Labravia J. Jenkins,                    )
    Defendant.                          )

MEMORANDUM OPINION

Otis Donald Witherspoon, an individual proceeding pro se, has filed a civil action against

Commonwealth Attorney Labravia Jenkins. Plaintiff alleges that he was not prosecuted in a

timely fashion because the defendant made misstatements of fact to the Fredericksburg Circuit

Court. As relief, plaintiff seeks to have his guilty plea and subsequent state court conviction

overturned; however, plaintiff does not state the legal basis for his requested relief. On

November 22, 2011, defendant filed a Motion to Dismiss along with a supporting memorandum

and exhibits. Plaintiff was given the opportunity to file responsive materials, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons

that follow, defendant's Motion to Dismiss must be granted.

## I.  Background

Although somewhat difficult to decipher from plaintiff's complaint, it appears the

following facts underlie this action. Plaintiff "received a detainer from the Commonwealth

Prosecutor's Office" while completing a term of incarceration in South Carolina. Compl. at ¶ 2.

Upon release from the South Carolina prison, plaintiff moved to New Jersey. In early 2008,

plaintiff was arrested in New Jersey as a fugitive from the Commonwealth of Virginia,

apparently based on the offenses listed in the detainer he received during his South Carolina

incarceration. Id. at ¶ 15.  On May 10, 2008, plaintiff waived extradition and was transported to

Fredericksburg, Virginia. Id. at ¶ 19.  On June 30, 2008, in the Circuit Court for the City of

Fredericksburg, Virginia, plaintiff pled guilty to statutory burglary and five counts of uttering.

See Def's Ex. A. at 2; ECF. No. 10.

Plaintiff appealed his conviction to the Court of Appeals of Virginia, alleging that

Virginia was without jurisdiction to convict him because he was not tried within six months as

required by the Interstate Agreement on Detainers. Witherspoon v. Commonwealth, R. No

1756-08-2; Def's Ex. A at 2.  Plaintiff also alleged that the prosecutor and defendant in this case,

Labravia J. Jenkins, misrepresented facts at his plea hearing. R. No. 1756-08-2; Def's Ex. A at

2.  The Court of Appeals denied and dismissed plaintiff's appeal on July 21, 2009.  Plaintiff did

not petition the Supreme Court of Virginia for further appeal.  R. No. 1756-08-2; Def's Ex. A.

## II. Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When determining whether a motion to

dismiss should be granted, the alleged facts are presumed true and the complaint should be

dismissed only when "it is clear that no relief could be granted under any set of facts that could

be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----,

129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint.  United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)).  Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

As mentioned above, plaintiff's complaint does not state the legal basis for his claims. Construing plaintiff's complaint liberally, as is required with pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), it appears plaintiff is either requesting habeas corpus relief under 28 U.S.C. § 2254, or intends to assert a civil rights action under 42 U.S.C. § 1983.  Deciding which of the two plaintiff intends to assert is made difficult by his requested relief of overturning his state court conviction.  On the one hand, plaintiff's requested relief seems at odds with habeas corpus relief as he is no longer incarcerated and does not indicate that he is subject to restraints that are severe, immediate, or not shared by the general public as a result of his June 30, 2008 conviction. See, e.g., Jones v. Cunningham, 371 U.S. 236, 240 (1963) ("History, usage, and precedent leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient . . . to support

the issuance of habeas corpus.")  On the other hand, § 1983 is not the appropriate vehicle for

challenging the validity of outstanding criminal judgments.  Heck v. Humphrey, 512 U.S. 477,

486 (1994) (explaining that § 1983 suits "are not the appropriate vehicles for challenging the

validity of outstanding criminal judgments.").  Nevertheless, in light of plaintiff's pro se status,

plaintiff's claims will be evaluated under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983.  For the

reasons that follow, plaintiff's claims must be dismissed under both causes of actions.

A.  Relief Under 28 U.S.C. § 2254

A petition for writ of habeas corpus must be filed no later than one year after (1) the

judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the

United States Supreme Court recognizes the constitutional right asserted; or (4) the factual

predicate of the claim could have been discovered with due diligence.  28 U.S.C. §

2244(d)(1)(A)-(D).  Furthermore, prior to bringing a petition for a writ of habeas corpus, state

prisoners must first exhaust their claims in the appropriate state court.  Failure to exhaust all

claims requires dismissal of the claims to allow the petitioner to first present his claims to the

appropriate state courts.  See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987);

Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973).

1.   Statute of Limitations

The applicable statute of limitations, 28 U.S.C. § 2244(d) appears to bar plaintiff's

claims.[1]  Plaintiff was convicted on June 30, 2008.  He filed a direct appeal to the Virginia Court

of Appeals, which denied his petition for appeal on July 21, 2009.  Plaintiff did not file a petition

for further appeal in the Supreme Court of Virginia.  Thus, plaintiff's conviction became final on

---

[1] The individual filing a petition for writ of habeas corpus is generally referred to as the
"petitioner."  However, because both Witherspoon and the defendant list Witherspoon as the
"plaintiff" in all documents filed in this case, Witherspoon will be referred to as the plaintiff
throughout this Memorandum Opinion.

Thursday, August 20, 2009, the last date he could have filed an appeal in the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a).

In calculating the one-year period limitations period the Court must exclude the time during which state collateral proceedings pursued by plaintiff were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). However, in this case, there is no applicable tolling period because plaintiff never filed a state collateral proceeding. Therefore, the statute of limitations on plaintiff's writ of habeas corpus expired on August 20, 2010. Plaintiff did not file the instant petition until September 8, 2011, well after the expiration of the statute of limitations. Accordingly, the petition is untimely under § 2244(d), unless plaintiff establishes that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)). At this point plaintiff has not presented facts supporting such tolling.

2.    Exhaustion

Even if plaintiff did establish that he is entitled to equitable tolling, his petition would still be barred for failure to exhaust his claims before the Supreme Court of Virginia. To comply with the exhaustion requirement of 28 U.S.C. 2254(b)(1)(A) a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must present the same factual and legal claims raised in the instant

5

case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. <u>See,</u> <u>e.g.</u>, <u>Duncan v. Henry</u>, 513 U.S. 364 (1995).

In this case, petitioner appealed his conviction to the Court of Appeals of Virginia, which denied and dismissed the appeal. <u>Witherspoon v. Commonwealth</u>, R. No 1756-08-2; Def's Ex. A at 2. Following that dismissal, plaintiff did not file a petition for further appeal in the Supreme Court of Virginia and did not file a state petition for writ of habeas corpus. Therefore, plaintiff did not exhaust his claims in the Supreme Court of Virginia and he is consequently barred from seeking a writ of habeas corpus in this Court.

B.  <u>Relief under 42 U.S.C. § 1983</u>

A complaint under 42 U.S.C. § 1983 must be filed within two years from the time the claim accrued. Even if filed within the applicable limitations period, a complaint under § 1983 must be dismissed if it names as a defendant an individual who is immune from suit.

1.      <u>Statute of Limitations</u>

There is no federal statute of limitations for § 1983 claims, therefore the state limitations period which governs personal injury actions is applied. <u>See Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985); <u>Blanck v. McKeen</u>, 707 F.2d 817, 819 (4th Cir. 1983), <u>cert denied</u> 464 U.S. 916 (1983). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. <u>See Shelton v.</u> <u>Angelone</u>, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), <u>aff'd</u>, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion).

Although the limitations period is borrowed from state law, the question of when a cause of action accrues remains one of federal law. Under federal law, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will

reveal his cause of action." Reinbold v. Evers, 187 F.3d. 348, 359 (4th Cir. 1999) (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)).

In this case, plaintiff's claims are based on alleged misstatements made to the Fredericksburg Circuit Court during his plea hearing on June 30, 2008. Therefore, plaintiff's cause of action accrued at the conclusion of his plea hearing because at that time he possessed "sufficient facts about the harm done to him" to reveal a cause of action.[2] See Reinbold, 187 F.3d at 359. Accordingly, under the two-year statute of limitations period, plaintiff was required to file his claim no later than June 30, 2010. However, he did not file the complaint until September 8, 2011. Consequently, plaintiff's complaint is barred by the applicable statute of limitations.

　　　2.　　Prosecutorial Immunity

Even if plaintiff could establish that his action accrued at a later date, his complaint would still be dismissed because the named defendant is immune from suit under § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A state prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under 42 U.S.C. § 1983 for those actions because of public policy considerations. Imbler, 424 U.S. at 410, 427. Public

---

[2] Even if it was determined that plaintiff's cause of action accrued on August 20, 2009, the date his state court conviction became final, the applicable statute of limitations would still bar plaintiff's complaint because plaintiff would have needed to file his complaint by August 20, 2011. However, as stated above, plaintiff did not file the instant complaint until September 8, 2011.

policy considerations include "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 403.  The Fourth Circuit has noted that "the public interest in forthright enforcement of the criminal law is best served when a state's attorney can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits." Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974).  Because defendant Jenkins' actions were conducted in the course of her pursuit of a criminal prosecution against plaintiff, she enjoys absolute immunity from this 42 U.S.C. § 1983 suit.  Therefore, plaintiff's claims must also fail under § 1983 because of the defendant's absolute immunity from suit.

### IV. Outstanding Motions

Also before the Court is plaintiff's Motion for Discovery.  Because defendant's Motion to Dismiss must be granted, plaintiff's Motion must be dismissed as moot.

### V.   Conclusion

For the above state reasons, defendant's Motion to Dismiss must be granted and plaintiff's Motion for Discovery must be dismissed as moot.  An appropriate Order shall issue.

Entered this 30th day of December 2011.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia

8